IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 22 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-1112-OES

PHILLIP ESPINOZA,

　　　　Applicant,

v.

AL ESTEP, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

　　　　Respondents.

___

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

___

Applicant Phillip Espinoza is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Espinoza has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Espinoza is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Espinoza will be ordered to file an amended application.

Mr. Espinoza is challenging the validity of his 1994 conviction in the Adams County District Court. He asserts eleven claims for relief in the application. However, he fails to assert specific facts in support of some of the claims he raises. For example, Mr. Espinoza alleges in his fifth claim for relief that his rights under the Confrontation Clause were violated by admission of a DEA tape recording but he alleges in support

of this claim only that the trial court failed to conduct a constitutional analysis. He fails to allege facts to support a claim that his constitutional rights were violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Espinoza go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Furthermore, it is not clear exactly how many claims Mr. Espinoza is asserting in this action. He alleges at one point that claims one through sixteen have not been fairly presented to the state's highest court. However, as noted above, he asserts only eleven claims for relief in the application.

Mr. Espinoza also provides confusing information regarding when his conviction was affirmed on direct appeal and the dates relevant to the postconviction motion he alleges he filed. For example, Mr. Espinoza alleges that the Colorado Court of Appeals affirmed the judgment of conviction on direct appeal on October 4, 1996, and that the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on September 3, 1996. Obviously, the Colorado Supreme Court could not have denied certiorari review before the Colorado Court of Appeals issued its order. Regarding the postconviction motion, Mr. Espinoza fails to allege when the motion was filed. The court needs this information to determine whether the instant action is timely filed.

Therefore, Mr. Espinoza will be ordered to file an amended application in which he clarifies the precise claims he is asserting and the specific facts that support each asserted claim. For any postconviction motion that Mr. Espinoza wishes to have the

court consider in determining whether the instant action is timely filed, he must allege when the motion was filed, when it was denied, why it was denied, whether he appealed from the denial of the motion, when the appeal was decided, and why the order denying him postconviction relief was affirmed on appeal.

In addition, Mr. Espinoza must demonstrate in the amended application that he has exhausted state remedies. **See** 28 U.S.C. § 2254(b)(1). An application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992). Mr. Espinoza alleges both that he has exhausted state remedies for each claim and that he has not fairly presented any of his claims to the state's highest court. As a result, it is not clear whether he has exhausted state remedies. Accordingly, it is

3

ORDERED that Mr. Espinoza file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Espinoza, together with a copy of this order, one copy of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Espinoza fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 22 day of June, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   05-cv-01112-OES

Phillip Espinoza
Reg. No. 43235
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

 I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 6/22/05

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk