IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01112-MSK-PAC

PHILLIP ESPINOZA,

       Petitioner,

v.

AL ESTEP, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.
_____

**ORDER DENYING MOTION FOR RECONSIDERATION**
_____

**THIS MATTER** comes before the Court pursuant to the Petitioner's Motion for Reconsideration **(# 12)** of this Court's August 2, 2005 Order **(# 12)** denying the Petitioner's Motion for Discovery **(# 9)** of certain materials from a criminal trial involving another individual.

The Court has construed the Petitioner's *pro se* filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

The Petitioner was convicted of a drug offense in the Colorado District Court for Adams County. The key evidence offered against him was a tape recording of a drug transaction between a confidential informant and the Petitioner. As best the Court can determine from the Petitioner's original Motion for Discovery, the Petitioner sought an order from the Court that the Respondents produce various items of evidence that had not been received as evidence in either

1

the Petitioner's trial or in any subsequent proceedings under C.R.C.P. 35.[1] This Court denied **(#12)** that motion, finding that "[t]o the extent that the [Petitioner] seeks documents from cases in which he was not a party, no showing of particular need has been made." The Petitioner now seeks reconsideration of that denial, contending that "the evidence would be essential to the core issue in my case and will prove my innocence."

The Court notes that its function in a *habeas* proceeding is essentially appellate in nature. The Court is presented with a settled record, encompassing the entire record of the Petitioner's trial, the record of any collateral proceedings brought by the Petitioner in state court under C.R.C.P. 35, and the appellate record of any appeals of those matters. The doctrine of exhaustion requires that the state courts have the first opportunity to fully consider any constitutional claims raised by the Petitioner, and thus, this Court will not receive any evidence that has not already been presented by the Petitioner as part of his trial or a C.R.C.P. 35 proceeding. If the state courts have already considered the evidentiary material sought by the Petitioner in conjunction with the Petitioner's claim, that evidence will be part of the record submitted to this Court and will be appropriately evaluated. If the evidence sought by the Petitioner has not yet been presented to the state courts as part of the Petitioner's constitutional claims, it would be inappropriate for this Court to consider it in the first instance.

---

[1] Specifically, the items appear to be certain records that indicate that witnesses in the Petitioner's trial testified falsely about the extent to which the confidential informant had previously cooperated with the Drug Enforcement Administration, and information relating to an unrelated criminal case in Arapahoe County in which the prosecution intended to introduce the same tape recordings that were offered as evidence against the Petitioner, but later allegedly discovered that the tapes were edited or manipulated.

Accordingly, the Petitioner has not established that discovery is appropriate or that reconsideration of the Court's prior order denying such discovery is necessary. The Motion for Reconsideration **(# 13)** is **DENIED**.

Dated this 27th day of March, 2006

                                       **BY THE COURT:**

*/s/ Marcia S. Krieger*

                                       Marcia S. Krieger
                                       United States District Judge