IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01112-MSK-PAC

PHILLIP ESPINOZA,

        Applicant,

v.

AL ESTEP, Warden, and Colorado Attorney General,

        Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Patricia A. Coan, United States Magistrate Judge**

        Applicant [hereafter Petitioner], a state prisoner, filed an Application for a Writ of

Habeas Corpus pursuant to 28 U.S.C. §2254 on June 16, 2005.  An order of reference

under 28 U.S.C. § 636(b) referred the Application to the undersigned on August 2,

2005 to issue a Recommendation on disposition.  On October 14, 2005, respondent

filed an Answer to the Application, and Petitioner filed his Traverse on December 16,

2005.

I.

        Petitioner is serving a term of life with the possibility of parole after forty years as

the result of his jury conviction for unlawful distribution and conspiracy to distribute a

controlled substance (heroin) in Adams County District Court.[1]  His conviction was

---

[1]Mr. Espinoza was a target in an undercover heroin ring investigation conducted by the Drug
Enforcement Administration (DEA).  A confidential informant (CI) was employed to purchase heroin from
Petitioner and his accomplice/supplier.  The transaction was monitored by DEA agents, along with two
Denver Police officers in surveillance cars near Petitioner's apartment building via a live transmission
from the CI inside Petitioner's apartment.  The CI entered Petitioner's apartment, which was also
occupied by Petitioner's girlfriend, Ms. Bugarin.  The CI, Petitioner (called by his nickname "Lipe" on the

affirmed on direct appeal by the Colorado Court of Appeals (CCA), and the Colorado

Supreme Court denied certiorari.[2]  Petitioner brought two post-conviction proceedings,

both of which were affirmed on appeal.[3]

II

The claims Petitioner brings here are that: (1) his arrest was a violation of the

Fourth Amendment of the U.S. Constitution; (2) his arrest and conviction violated the

Fourth Amendment of the U.S. Constitution due to lack of probable cause; (3) his

conviction is in violation of the Fourth Amendment prohibition on warrantless electronic

surveillance; (4) his conviction was in violation of the Due Process Clause of the

Fourteenth Amendment of the U.S. Constitution relating to discovery material; (5) his

conviction was in violation of the Sixth and Fourteenth Amendments to the U.S.

Constitution because the trial court admitted the tape recording as evidence under the

residual hearsay exception; (6) his conviction violates the Due Process Clause of the

Fourteenth Amendment because it was based on insufficient evidence; (7)  his

conviction violates the Due Process Clause of the Fourteenth Amendment due to

prosecutorial misconduct; (8)  his conviction violates the Due Process Clause of the

Fourteenth Amendment as a result of judicial misconduct; (9)  his conviction violates

---

taped transmission) and Bugarin conversed and arranged for the delivery of the heroin from Petitioner's supplier.  The CI was murdered several days after the tape-recorded conversation, and was therefore not available at Petitioner's trial.

[2]The unpublished direct appeal in *People v. Espinoza* (Colo. App. No. 94CA0453, Feb. 15, 1996) [hereafter *Espinoza I*], and denial of certiorari are in Respondent's appendices D and F.

[3]The first post-conviction proceeding's affirmance on appeal and denial of certiorari, are found at Respondent's appendices K and M.  The second post-conviction proceeding's affirmance on appeal and denial of certiorari, are found at Respondent's appendices Q and S.

the Due Process Clause of the Fourteenth Amendment based on a conspiracy to convict; (10)  his conviction violates the  Sixth and Fourteenth Amendments due to ineffective assistance of counsel; and (11) he is entitled to an evidentiary hearing concerning his ineffective assistance of counsel claim.  Respondents refer to a twelfth claim in their Answer at 40, found at page 6f of the Application.  There is no such page in the Application filed with the United States District Court – page 7 follows page 6e. I will not consider a claim which was not included as part of the original filing of the Application with the court.

III

Mr. Espinoza filed his § 2254 habeas corpus petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2254(d), so its provisions apply to this appeal.  *Hamilton v. Mullin*, 436 F.3d 1181, 1186 (10th Cir. 2006), citing *Smallwood v. Gibson*, 191 F.3d 1257, 1264 (10th Cir.1999).  Respondent does not dispute that the Application has been filed in a timely manner.[4]  Because Petitioner appears *pro se*, I construe his pleadings liberally.  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).  Respondent first argues that Petitioner has failed to exhaust or has procedurally defaulted his claims 1-4, 7-9, a portion of 10, and 11.  These claims were already determined to be time-barred or successive by the CCA in *Espinoza III*, Appendix Q at 3-5 (noting that Petitioner's claim

---

[4]Petitioner's conviction became final on December 2, 1996, ninety days after the Colorado Supreme Court denied certiorari (see Respondent's appendix F), and Petitioner commenced his first post-conviction proceeding in state court (respondent's appendices G, H and I), which tolled the limitations period until April 28, 2003 when the Colorado Supreme Court denied certiorari (Appendix M). The second post-conviction proceeding was initiated within three months, and tolled the limitations period until April 18, 2005 (Appendix S).

of ineffective assistance of post-conviction counsel was not time barred but that he was not entitled to relief because his conclusory statement that all attorneys who had ever worked on his case had been ineffective did not support any claim to relief based on ineffective assistance of post-conviction counsel).

A. Exhaustion of Remedies in State Court and Procedural Default

A state prisoner must ordinarily exhaust available state court remedies prior to seeking federal habeas corpus relief. 28 U.S.C. §2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion requirement is satisfied if the federal claims have been presented properly to the highest state court, either on direct appeal or in a post conviction attack. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion doctrine requires a state prisoner to fairly present his claims to the state courts before a federal court will examine them. *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997).

A federal habeas petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Thus, the substance of the federal habeas claim must have been raised before the state courts in a manner sufficient to notify the courts of an alleged violation of the federal Constitution. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard*, 404 U.S. at 275-76.

Petitioner appealed his judgment of conviction, which was affirmed by the CCA in an unpublished opinion on February 15, 1996 (hereafter *Espinoza I*), Appendix D,

and certiorari was denied September 3, 1996, Appendix F.  Petitioner then filed his first post-conviction appeal, seeking to overturn the trial court's failure to conduct an evidentiary hearing on his Rule 35(c) motion, and on his claim of ineffective assistance of counsel.  See Appendix G.  The CCA affirmed the denial of Petitioner's motion in an unpublished decision of November 29, 2002 (*Espinoza II*), Appendix K.  Certiorari on that decision was denied on April 28, 2003.  Finally, Petitioner filed a *pro se* appeal in the CCA on December 24, 2003, Appendix N, which listed ten issues – eight of those ten are the same as those listed in Petitioner's Application.  See Petitioner's Opening brief, Appendix N at I, Respondent's answer at 19.  The CCA affirmed the summary denial of the second post-conviction proceeding, filed seven years after certiorari was denied in the direct appeal, and which raised many new matters, holding that such denial was appropriate where the motion was not timely filed, and was otherwise successive.  Appendix Q, CCA opinion of December 9, 2004 (*Espinoza III*) at 3-4.  The petition for writ of certiorari was denied April 18, 2005.

"It is not enough that all the facts necessary to support the federal claim were before the state courts [internal citations omitted], or that a somewhat similar state-law claim was made." *Anderson*, 459 U.S. at 6.  A petitioner who has failed to exhaust state remedies has committed an anticipatory procedural default of his federal claims if the state courts would now find the claims to be procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  "[A]n adequate and independent finding of procedural default will bar federal habeas review of [a] federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or

demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (internal quotation marks and citation omitted).  This rule applies if the "last state court rendering a judgment in the case rests its judgment on the procedural default." *Id.*

A prisoner may not default on a rule of state procedure at trial, on appeal, or on state post-conviction review.  This rule is codified as part of the AEDPA at 28 U.S.C.A. § 2254(e)(2).  *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).  In *Edwards* the Supreme Court stated that the procedural default doctrine and its attendant "cause and prejudice" standard are grounded in concerns of comity and federalism, *id.* at 451, citing *Coleman*, 501 U.S. at 730, and apply  whether the default in question occurred at trial, on appeal, or on state collateral attack.  *Id.*, citing *Murray v. Carrier*, 477 U.S. 478, 490-92 (1986).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir.1998). To be adequate, "a state rule of procedural default must be applied evenhandedly in the vast majority of cases." *Id.*  Mr. Espinoza's claims 1, 2, 3, 4, 7, 8, 9, the trial counsel portion of 10, and claim 11, were all barred procedurally under Colorado Law due to his failure to raise the issues first on direct appeal.   The procedural bar to those issues was an independent state ground because "it was the exclusive basis for the state court's holding" on those claims.  *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir.1995).

Mr. Espinoza has failed to meet the state's procedural requirements for presenting his federal claims to the state courts and has deprived the state courts of an

opportunity to address those claims in the first instance. *Coleman*, 501 U.S. at 732. In these circumstances, Petitioner is required to demonstrate cause for his state court default of any of his federal claims, and prejudice therefrom, before I will consider the merits of that claim. *Id.* at 750. Petitioner has made no attempt at showing any cause for such default, so exceptions to the rule do not apply.

Petitioner failed to assert the violations of the Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution in claims 1, 2, 3, 4, 7, 8, 9, the trial counsel portion of 10, and claim 11 in a procedurally proper manner before the state court. Mr. Espinoza raised those claims in his second (*pro se*) appeal of the denial of his Rule 35(c) motion in *Espinoza III*, Appendix Q at 3-5, which were already determined to be time-barred or successive in *Espinoza II*, Appendix K at 5-7 (noting that Petitioner's claim of ineffective assistance of post-conviction counsel was not time-barred but that he was not entitled to relief because his conclusory statement that all attorneys who had ever worked on his case had been ineffective did not support any claims to relief based on ineffective assistance of post-conviction counsel). In *Espinoza III*, the CCA held that "the majority of [Petitioner's] allegation were either time-barred or properly dismissed as successive," Appendix Q at 2, and to the extent Espinoza "raised new allegations regarding his trial counsel or regarding occurrences before and during trial, the motion was time-barred." *Id.* at 3. The CCA, in both *Espinoza II* and *Espinoza III,* disposed of the petitioner's claims on independent and adequate grounds in reliance on its own state law, rather than on federal law for its decision. *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (a state ground is adequate, if the state strictly or

regularly follows it and applies the rule evenhandedly to all similar claims).

Accordingly, Petitioner has procedurally defaulted on claims 1, 2, 3, 4, 7, 8, 9, the trial

counsel portion of 10, and claim 11.  Consequently, the only claims in the Application

that may be properly considered on their merits by a federal court are claims 5, 6, and

the post-conviction ineffective assistance of counsel portion of 10.

      B. Merits of Petitioner's Non-Defaulted Claims

      Under AEDPA, a federal court may only grant habeas relief on any claim

adjudicated on the merits by the state court if the state court proceedings "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1),

or "resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2);

*Young v. Workman*, 383 F.3d 1233, 1236 (10th Cir. 2004).  I review *de novo* any claims

that were not adjudicated on the merits in the state courts.  *See Harris v. Poppell*, 411

F.3d 1189, 1195 (10th Cir. 2005); *Terrentine v. Mullin*,  390 F.3d 1181, 1189 (10th Cir.

2004).

      In addition, AEDPA directs federal courts adjudicating state habeas corpus

proceedings to presume that the factual findings of the state court are correct unless

the petitioner rebuts this presumption by clear and convincing evidence. See *id.*, §

2254(e)(1); *Smith v. Mullin*, 379 F.3d 919, 924-25 (10th Cir.2004).  In *Williams v. Taylor*,

529 U.S. 362, 406 (2000), the Supreme Court provided guidance as to when a state

court decision may be deemed "contrary to" or "an unreasonable application of"

established Supreme Court precedent pursuant to § 2254(d)(1).  A state court decision is "contrary to" the Court's clearly established precedent in two circumstances: (1) when "the state court applies a rule that contradicts the governing law set forth in [the Court's] cases;" and (2) when "the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from" the result reached by the Supreme Court.  *Williams*, 529 U.S. at 405-06.

1. Due Process Claims Arising From Petitioner's Fifth and Sixth Claims

The Petitioner's fifth claim asserts that his conviction was in violation of the Sixth and Fourteenth Amendments as a result of the trial court's admission of the tape recording under the residual hearsay exception.  The CCA in *Espinoza I* ruled that admission of most of the taped conversation between the CI, Ms. Bugarin, and the person identified as "Lipe," did not implicate the Confrontation Clause because most of the CI's statements were admissible as non-hearsay.  *Espinoza I,* Appendix D at 4-5. The portions that were offered as hearsay – reliance on the CI's assertion that the "Lipe" she referred to in the conversation was Petitioner, and that "Gene" was the supplier (and Petitioner's co-defendant) – were evaluated for admission under the Confrontation Clause.  *Espinoza I,* Appendix D at 6.  The CCA evaluated the statements in light of the then applicable two-part test set forth in *Ohio v. Roberts*, 448 U.S. 56 (1980).[5]  The CCA observed that the residual hearsay exception is not a firmly

---

[5]I do not consider the decision of *Crawford v. Washington*, 541 U.S. 36 (2004), which overruled *Roberts*.  According to *Brown v. Uphoff*, 381 F.3d 1219, 1224-26 (10th Cir. 2004), I need not consider retroactive application of *Crawford* where, as here, the underlying state court decision was otherwise consistent with federal law.

rooted hearsay exception from which reliability may be inferred.  *Espinoza I* at 7 (referring to the second prong of *Roberts*).   It held that the tape recorded testimony was properly admissible only on a showing that such statement had "particularized guarantees of trustworthiness."  *Id.* (citation omitted).  The CCA analyzed and applied *Idaho v. Wright*, 497 U.S. 805, 820 (1990) to determine whether the circumstances surrounding the making of the statement rendered the declarant particularly worthy of belief, and held that if the CI had made false statements by incorrectly addressing another as "Lipe," it is extremely likely that "Lipe" or another person recorded in the conversation would have contradicted the CI's reference or otherwise objected to her statements.  *Espinoza I*, at 8-9.  The CCA ruled that the tape recorded statements were sufficiently reliable such that their admission, without the opportunity to cross examine the unavailable declarant, did not violate the Petitioner's right to confront the witnesses against him.  *Id.* at 10.

In *Espinoza I*, the CCA held that, in light of the particularized guarantees of trustworthiness from all circumstances surrounding the recording, and the corroboration of statements made to or by the Petitioner, the tape recording was sufficiently reliable so as not to offend Petitioner's right to confront witnesses.  Appendix D at 8-10.  In light of the applicable standard for habeas relief under AEDPA, there is no basis on which I can conclude that the CCA's decision to uphold admission of portions of the tape recorded statements under the residual hearsay exception was a decision that was "contrary to" or "an unreasonable application of" established Supreme Court precedent. I therefore recommend that Petitioner's fifth claim be denied.

10

For his sixth claim, Petitioner again raises the argument asserted in the fourth issue of the direct appeal from his conviction (*Espinoza I*), which challenges the general sufficiency of evidence and the trial court's denial of his motion for acquittal. Appellant's Opening brief in *Espinoza I*, Appendix A at I.  Petitioner refers generally to the Fourteenth Amendment and to U.S. Supreme Court precedent for his arguments that because (1) no DEA agent saw Petitioner with his supplier and co-defendant "Gene" that day, and (2) the CI was paid by the DEA and wanted to "keep her kids out of foster homes," and stay out of prison, the CI came to the drug transaction with her own gram of heroin.  Application at 6c.  In *Espinoza I*, the CCA held that the trial court did not abuse its discretion in admitting, as non-hearsay, testimony that the CI told DEA officers that she had purchased heroin from Mr. Espinoza in the past.  Appendix D at 10.  Regarding Petitioner's assertion that the CI didn't purchase heroin from Petitioner or his supplier, but instead brought her own heroin, the CCA ruled that there was sufficient evidence to convict.  *Id.*, at 11-12.  When reviewing the sufficiency of the evidence in a habeas corpus action "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted).  This standard of review respects the jury's ability to weigh the evidence and to draw reasonable inferences from the testimony presented at trial.  *Id.* A habeas court must accept the jury's resolution of the evidence as long as it is within the bounds of reason.  *Lucero v. Kerby*, 133 F.3d 1299, 1312 (10th Cir. 1998).

11

The Colorado courts rejected Petitioner's claim of insufficient evidence on its merits.  The CCA, in its review of the record from Petitioner's trial, commented that

> much of the evidence of heroin distribution and conspiracy was circumstantial since no one who testified actually saw the defendant obtain heroin from the supplier or distribute it to the informant. Reasonable jurors could, however, after assessing the credibility of the informant, draw inferences from the tape recordings, in conjunction with testimony of defendant's girlfriend and the DEA agents, to establish all elements of the crimes charged.

*Espinoza I*, Appendix D at 12.  As stated above, a petitioner cannot obtain habeas relief unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or unless the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented," *id.* § 2254(d)(2).[6]  The relevant question here is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Webber v. Scott*, 390 F.3d 1169, 1178 (10th Cir. 2004), quoting *Jackson*, 443 U.S. at 319.  The CCA held that the trial court did not err in denying a motion for acquittal based on sufficiency of evidence against Mr. Espinoza, and that reasonable jurors could draw inferences, based on direct and circumstantial evidence, to establish all elements of the crimes charged.  *Espinoza I* at 10-12.  Petitioner's conclusory assertions that the

---

[6]The Tenth Circuit  has not clearly settled whether the district court treats a sufficiency of evidence issue on habeas review as a question of law or a question of fact.  *See Moore v. Gibson*, 195 F.3d 1152 1176-77 (10th Cir. 1999) (summarizing the split in the case law).  I need not consider the question here however, because I conclude that Petitioner is not entitled to relief under either standard. *Dockins v. Hines*, 374 F.3d 935, 939 (10th Cir. 2004).

circumstantial evidence against him was not sufficient to support his conviction, and

that the CI came to the drug transaction with her own heroin, are insufficient to support

his denial of due process claims.  Application at 6c.  I recommend that Petitioner's sixth

claim be denied.

2. Ineffective Assistance of Counsel (10th claim)

Petitioner asserts, based on very general allegations, that "none of the attorneys

representing Mr. Espinoza were effective as required."[7]  Application at 6e.  As stated

above, the only portion of Petitioner's tenth claim for ineffective assistance of counsel

that is not procedurally defaulted is his claim with respect to post-conviction counsel.

This type of claim, however, is specifically excluded as a ground for habeas corpus

relief.  28 U.S.C. § 2254(I) states "[t]he ineffectiveness or incompetence of counsel

during Federal or State collateral post-conviction proceedings shall not be a ground for

relief in a proceeding arising under section 2254."  Petitioner is therefore barred from

raising such a claim in this proceeding, and I recommend that the portion of his tenth

claim relating to ineffective assistance of counsel in post-conviction proceedings should

be denied.

V

For the reasons set forth above, it is

**RECOMMENDED** that all Petitioner's claims in his Application **be denied**; **it is**

**FURTHER RECOMMENDED** that the Application for a Writ of Habeas Corpus

---

[7]Petitioner made a similar conclusory allegation that was rejected in his second post-conviction proceeding.  *Espinoza III*, Appendix Q at 5-6.

13

Pursuant to 28 U.S.C. §2254 filed by Applicant Phillip Espinoza on June 16, 2005 be **DENIED**; **and it is**

**FURTHER RECOMMENDED** that the §2254 Application be **DISMISSED WITH PREJUDICE**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 15th day of June, 2006.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge

14